IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN ZUKINA, JR. :
: CIVIL ACTION
v. :
: NO. 16-4166
NANCY BERRYHILL[1] :

**MEMORANDUM**

**SURRICK, J.** APRIL  13 , 2018

Presently before the Court is an action brought by Plaintiff Warren Zukina, Jr. under 42 U.S.C. § 405(g), to review the decision of the Commissioner of Social Security ("Commissioner"), denying Plaintiff's claim for disability insurance benefits. For the following reasons, we will approve and adopt the Report and Recommendation ("R & R") of United States Magistrate Judge Marilyn Heffley, overrule Plaintiff's Objections, and deny Plaintiff's request for review.

**I.  BACKGROUND[2]**

Plaintiff is a 52-year old male with at least a high school education. (R. at 23.)[3] He previously worked as an installer and maintainer of direct television systems and as a technical specialist of audio sound track. (*Id.*) Plaintiff filed an initial claim of disability on March 3, 2013. (R. 100.) The claim was based on the following conditions: "advanced multilevel

---

[1] On January 23, 2017, Carolyn W. Colvin was succeeded by Nancy A. Berryhill as the Acting Commissioner of the Social Security Administration.

[2] The background of this case is set forth in detail in Magistrate Judge Heffley's R & R and will be recited in this Memorandum only as necessary to address Plaintiff's objections.

[3] Citations to the administrative record are designed by an "R." followed by the page number. The administrative record in this case exceeds 500 pages.

degenerate disease, bi-polar disorder, issues in both ankles, and spondylitic protrusions." (R. 100.) Plaintiff alleged that the disability began on March 23, 2012.

On March 1, 2013, Plaintiff protectively filed for disability insurance benefits for a period commencing on March 23, 2013. (*Id*.) On April 16, 2013, the claim was denied. (*Id*.) On April 24, 2013, Plaintiff filed a written request for a hearing. (*Id*.) The Administrative Law Judge ("ALJ") held a video hearing on September 17, 2014. (*Id*.) On August 8, 2014, the ALJ issued a Decision, finding that Plaintiff was not disabled. (*Id*. at 12, 24.) On February 3, 2014, Plaintiff filed an appeal of the ALJ's Decision. (*Id*. at 7-8.) On June 30, 2016, Plaintiff's request for review of the ALJ's Decision was denied by the Appeals Council. (*Id*. at 1-3.)

On August 3, 2016, Plaintiff filed a Complaint in this Court against the Acting Commissioner of the Social Security Administration. (ECF No. 3.) On March 31, 2017, Magistrate Judge Marilyn Heffley issued a R & R, which recommended denial of Plaintiff's request for review. (R & R, ECF No. 13.) Plaintiff filed Objections to the R & R on April 17, 2017. (Pl.'s Objs., ECF No. 14.) On May 1, 2017, Defendant filed a Response to Plaintiff's Objections. (Def.'s Resp., ECF No. 16.)

## II. LEGAL STANDARD

When a plaintiff makes a timely and specific objection to a portion of the R & R of a United States Magistrate Judge, the district court must engage in *de novo* review of the issues raised on objection. 28 U.S.C. § 636(b). In so doing, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations" contained in the report. *Id*. The court may also, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Review of an ALJ's findings of fact is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). "The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff makes three objections to the R & R. First, Plaintiff objects to Magistrate Judge Heffley's determination that the ALJ's finding at Step 3—that Plaintiff's bipolar disorder does not meet medical listing 12.04—was supported by substantial evidence.[4] Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's Residual Functional Capacity ("RFC") assessment was supported by substantial evidence. Finally, Plaintiff objects to Magistrate Judge Heffley's conclusion that the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence. We will address each objection separately.

---

[4] An ALJ uses a five-step sequential evaluation process to determine whether an applicant is disabled under the Social Security Act, 42 U.S.C. §§ 401-434. The ALJ determines whether the claimant:
    (1) is engaged in substantial gainful activity;
    (2) suffers from an impairment or combination of impairments that is severe;
    (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment;
    (4) is able to perform his or her past relevant work; and
    (5) is able to perform work existing in significant numbers in the national economy.
*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)). The ALJ provided more detail about the five-step sequential process in his Decision. (R. at 13-14.)

Initially, we note that all three of Plaintiff's Objections to the R & R repeat the same arguments that he made in his request for review by Magistrate Judge Heffley. We are tasked with reviewing *de novo* only those portions of the R & R that have been specifically objected to by a claimant. 8 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts in this circuit have held that if a plaintiff's objections to the R & R simply rehash arguments that he or she previously made in the request for review, then *de novo* review by the district court is not required. *See Gain v. Colvin*, No. 12-5964, 2013 WL 6330658, at *2-4 (E.D. Pa. Dec. 5, 2013) (declining to review objections that claimant made to R & R because "objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge"); *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3-4 (E.D. Pa. Oct. 19, 2011) (citing cases, and stating that "[r]epeatedly, courts, both within and outside of the Third Circuit, have held that objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to *de novo* review"); *Palmer v. Astrue*, No. 09-820, 2010 WL 1254266, at *6 (E.D. Pa. Mar. 31, 2010) ("Addressing those objections [already made to the Magistrate Judge] *de novo* would compromise the judicial efficiency gained from the report and recommendation process.").

Notwithstanding the fact that Plaintiff's objections were all thoroughly considered by Magistrate Judge Heffley, we will briefly address the merits of Plaintiff's Objections. *See, e.g.*, *Palmer*, 2010 WL 1254266, at *2 (addressing merits of objections "out of an abundance of caution" even though objections simply reiterated arguments previously raised before the magistrate judge).

### A. First Objection: Bipolar Disorder

Plaintiff contends that the Magistrate Judge erred with respect to the ALJ's finding as to his bipolar disorder. In particular, he contends that the ALJ's conclusion that his Bipolar disorder did not meet Listing 12.04 was not supported by substantial evidence. Plaintiff raised this exact argument to Magistrate Judge Heffley in his request for review.

At Step Three, the ALJ was tasked with determining whether Plaintiff's "impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Part P, Appendix 1 . . . ." (R. 13 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).)[5] The ALJ concluded that "the severity of [Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 . . . ." (R. 15.) In particular, the ALJ concluded that Plaintiff did not satisfy the "Paragraph B" criteria of Listing 12.04, which requires that the mental impairments result in at least two of the following:

> marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme.

(*Id.*) Plaintiff objects to the ALJ's conclusions: (1) that he has only mild restrictions, and not the required marked restrictions, in activities of daily living; and (2) that he has only moderate restrictions in the in the area of concentration, persistence, and pace, and not the required marked difficulties. (Pl.'s Objs 1-2.)

---

[5] The ALJ concluded that Plaintiff has the following severe impairments: mood disorder, not otherwise specified, attention-deficit disorder, hyperactivity disorder, marijuana abuse, cervical spondylosis with degenerative disc disease at C5-6 and C6-7, bipolar disorder, carpal tunnel syndrome, and bilateral joint disease at the ankles. (R. 14.)

5

The ALJ's conclusion that Plaintiff did not suffer marked restrictions in activities of daily living as a result of his bipolar disorder is supported by substantial evidence in the administrative record. As the ALJ noted, the evidence shows that Plaintiff lives alone in a home where he prepares meals and performs household chores. (R.199 (noting that he prepares his own meals, does laundry, and cleans the house).) The ALJ also stated that although Plaintiff reported that he lacked motivation to dress, bathe, and care for his hair, he also indicated that he cares for three cats, which includes feeding, watering, and changing the litter box. (*Id*. at 15, 50, 199-202.) In addition, the evidence shows that Plaintiff spends time on the computer, pays his bills, handles a savings account, drives his car, grocery shops, goes to the mall, and plays the guitar. (*Id*. at 38, 45, 200-205; R&R 6-7.) "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [a claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. pt. 404, subpt. P. app. 1 § 12.00C. Plaintiff argues that a doctor's note stating that he appeared disheveled and unkempt as a result of substandard personal care is evidence of marked limitations. However, the ALJ considered this evidence and balanced it against the other substantial evidence of activities of daily living in which Plaintiff was not restricted. The ALJ's determination that Plaintiff had only mild restrictions in activities of daily living is supported by substantial evidence in the record.

The ALJ also relied on substantial evidence to conclude that Plaintiff did not suffer from marked limitations in in his ability to maintain concentration, persistence, and pace. In particular, the ALJ relied on Plaintiff's functional report, his testimony at the Hearing, and psychiatric evaluations. The evidence shows that Plaintiff denied needing reminders to take his medications and that he reported no problems paying bills, counting change, handling a savings

account, and using a checkbook. (R. 16, 38, 45, 200-205; R & R 7.) The evidence also shows that Plaintiff spends time on the computer, watches television, drives to the mall, to the grocery store, and to his girlfriend's house, attends scheduled appointments, and plays the guitar. (R. 16; R & R 7.) Finally, the mental status examinations showed that Plaintiff exhibited "logical thought processing, fair attention and concentration, and unimpaired memory." (R. 16; R & R 7.) Plaintiff argues that he reported poor concentration and impulsivity in school, and that he experiences difficulties with memory, concentration, completion of tasks, and directions. However, the ALJ considered all of the evidence, including Plaintiff's self-reporting in his Function Report, and other medical assessments, and concluded that the administrative record supported a finding of moderate, but not marked, limitations in concentration, persistence, and pace. Substantial evidence supports the ALJ's finding. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (noting that when reviewing a commissioner's findings for substantial evidence, "[c]ourts are not permitted to re-weigh the evidence or impose their own factual determinations"). Accordingly, Plaintiff's first Objection is overruled.

B. **Second Objection: RFC Assessment**

Plaintiff also raised objections to the Magistrate Judge's conclusion that the ALJ's RFC assessment was supported by substantial evidence.[6] In particular, Plaintiff contends that the Magistrate Judge erred when she "properly accounted for [Plaintiff's] moderate difficulties with

---

[6] At Step Four of the sequential evaluation process, an ALJ determines the residual functional capacity of the disability benefits claimant. *See* 20 C.F.R. § 404.1520(e). As the ALJ stated in his Decision, "[a]n individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments." (R. 13.) In assessing residual functional capacity, the ALJ must consider all of the relevant medical and other evidence in the administrative record in order to determine the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§ 404.1545(a)(3)-(4) and 416.945(a)(3)-(4). When assessing mental abilities, the ALJ must look at "the nature and extent" of the mental limitations and restrictions to determine the "residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545.

concentration, persistence, or pace." (Pl.'s Objs 2.) According to Plaintiff, the ALJ noted certain restrictions in the RFC; however, those restrictions did not take into consideration his difficulties with concentration, persistence, or pace. Plaintiff raised this exact argument to Magistrate Judge Heffley in his request for review.

The ALJ determined that Plaintiff had only "moderate" limitations with concentration, persistence, or pace. (R. 16.) As a result of these moderate limitations, the ALJ limited Plaintiff's RFC to "simple routine tasks involving no more than simple, short instructions and simple work–related decisions with few work place changes and no work at production-rate pace, fast pace, or quota type work." (*Id*. at 17.) In addition, the ALJ noted that Plaintiff "requires occasional interaction with the public, coworkers, and supervisors." (*Id*.) These limitations were specifically listed as part of the hypothetical presented to the Vocational Expert who testified during the Hearing. (*Id*. at 54.) As we have already concluded, the ALJ's finding that Plaintiff had only moderate limitations in concentration, persistence, or pace, was supported by substantial evidence. *See* Supra Section III.A. The limitations that the ALJ included in Plaintiff's RFC adequately account for these moderate limitations. *See Parks v. Comm'r of Soc. Sec.*, 401 F. App'x 651, 655 (3d Cir. 2010) (concluding that the ALJ's determination that the claimant had the RFC "to perform simple, unskilled work with restricted social interactions" adequately supported the claimant's moderate difficulties in concentration, persistence, or pace); *McDonald v. Astrue*, 293 F. App'x 941, 946 (3d Cir. 2008) (finding that the hypothetical posed to the vocational expert, which included limitations to "simple, routine tasks," was adequate to support the claimant's "moderate limitations" in maintaining concentration, persistence, and pace); *Douglas v. Astrue*, No. 09-1535, 2011 WL 482501, at *5 (E.D. Pa. Feb. 4, 2011) (concluding that the ALJ's hypothetical to the vocational expert sufficiently accounted for the

8

claimant's "moderate limitation in concentration, persistence, and pace" where it limited the claimant to "unskilled work" which is "consistent with simple, routine tasks").

Plaintiff's RFC goes even further in providing the additional restrictions that Plaintiff could not perform work at production-rate pace, fast pace, or with quotas. *See Russo v. Astrue*, 421 F. App'x 184, 192 (3d Cir. 2011) (concluding that RFC stating that the claimant would not have a quota to fill properly accounted for his moderate difficulties with concentration, persistence, and pace); *Bacon v. Colvin*, No. 12-1477, 2016 WL 556727, at *10 (D. Del. Feb. 12, 2016) (concluding that the claimant's "non-production pace" limitation in the RFC adequately captures her moderate difficulties in concentration, persistence, and pace). These limitations were also specifically presented to the vocational expert at the Hearing. (R. 54.) Based upon the limitations provided, the vocational expert testified about a significant number of jobs in the national economy that met these restrictions. (*Id*. at 23.) We are satisfied with Magistrate Judge Heffley's comprehensive analysis of Plaintiff's objections to the RFC, and with her conclusion that the ALJ's RFC assessment "more than adequately reflected [Plaintiff's] moderate limitations" because it was "extensive and specific" and included as a limitation that Plaintiff could not perform work at production-rate pace, fast pace, or with quotas. (R & R 13-15.) Accordingly, Plaintiff's Second Objection to the RFC is overruled.

    **C.    Third Objection: Plaintiff's Credibility**

Finally, Plaintiff objects to the Magistrate Judge's determination that the ALJ's determination of his credibility was supported by substantial evidence. The ALJ gave Plaintiff's testimony during the hearing "limited weight." (R. 18.) In particular, the Commissioner found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 18.) Plaintiff contends that the Magistrate Judge erred

9

by taking into consideration (1) Plaintiff's management of his symptoms with medication, and (2) Plaintiff's ability to perform activities of daily living, in affirming the ALJ's credibility finding. Again, this precise argument was already addressed and rejected by Magistrate Judge Heffley. In any event, Plaintiff's argument lacks merit.

As part of the RFC analysis in Step Four of the sequential evaluation process, an ALJ assesses the credibility of a claimant's subjective complaints by looking at the "intensity and persistence of the symptoms to determine the extent to which those symptoms limit the individual's ability to do work." (R & R 17 (citing 20 C.F.R. § 404.1529(c)).) "It is well-established that an ALJ is required to 'give serious consideration to a claimant's subjective complaints of pain [or other symptoms], even where those complaints are not supported by objective evidence.'" *Schuster v. Astrue*, 879 F. Supp. 2d 461, 470 (E.D. Pa. 2012) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993)). However, the ALJ "has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible." *Weber v. Massanari*, 156 F. Supp. 2d 475, 485 (E.D. Pa. 2001).

The regulations provide guidance on the types of evidence that the ALJ should consider in making this credibility determination. *See* 20 C.F.R. § 416.929(c)(3). In addition to objective medical evidence, an ALJ should also consider the claimant's "daily activities" as well as the "[t]he type, dosage, effectiveness, and side effects of any medication" taken by the claimant. *Id*. at § 416.929(c)(3)(i), (iv); *Schuster*, 879 F. Supp. 2d at 470-71.

After a review of the entire administrative record, we are satisfied that the ALJ's determinations as to Plaintiff's credibility were supported by substantial evidence. The ALJ thoroughly evaluated Plaintiff's subjective complaints, the objective medical evidence in the record, and other evidence, including Plaintiff's noted improvements on certain medications and

his ability to engage in daily activities, in concluding that Plaintiff's own statements about his mental symptoms were not supported by the entirety of the evidence in the record. Plaintiff's statements about his own limitations were given limited weight. (R. 18.) The ALJ stated that "[i]n terms of the claimant's mental symptoms, the objective medical evidence does not support the degree of symptoms alleged." (*Id*. at 19.) In making this determination, it was appropriate for the ALJ to take into consideration that "psychotropic medications" and "individual outpatient psychotherapy" has been "effective in managing his symptoms." (R. 20.) The ALJ relied on objective medical evidence, including treatment records and mental status examination, to support this finding. (*Id*.) In addition, the ALJ relied on Plaintiff's own statements that "Adderall helped improve his focus and attention." (*Id*.) It was also appropriate for the ALJ to take into consideration the credible evidence about Plaintiff's ability to perform activities of daily living. *See* Supra Section III.A.; *see also* 20 C.F.R. § 416.929(c)(3); *Celento v. Comm'r Soc. Sec.*, 613 F. App'x 205, 206-07 (3d Cir. 2015) (affirming the ALJ's reliance on daily activities and noting that "[a]lthough [the claimant] offered testimony of his pain, social anxiety, and inability to concentrate, his daily activities and much of the medical evidence tended to undermine his position. For example, [the claimant] drives, volunteers, does work around the house, and has several hobbies. These activities require at least some physical exertion and mental concentration").

 Ultimately, the Court finds no error in Magistrate Judge Heffley's recommendation that we affirm the ALJ's credibility analysis. Accordingly, Plaintiff's Third Objection is overruled.

**IV.     CONCLUSION**

For these reasons, the Report and Recommendation is approved and adopted.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**